9642

SWEAT v. WOLFE.

(91 S. E. 799.)

1. APPEAL AND ERROR—MATTERS CONSIDERED—ADMISSIONS BY COUNSEL.—
A statement of facts in counsel's argument may be accepted as against him.

2. REPLEVIN—AMENDMENT—REFUSAL TO ALLOW AMENDMENT OF A CLAIM AND DELIVERY COMPLAINT.—Refusal to allow amendment of a claim and delivery complaint against the administrator of an estate, by eliminating any damage claim against the estate, is not erroneous, since the amendment would leave the estate liable for costs, whereas only the representative individually is liable.

Before MEMMINGER, J., Monck's Corner, April, 1916. Affirmed.

---

FOOTNOTE.—As to the capacity in which an executor or administrator may be sued for his personal tort, see note in 51 L. R. A. 261, 21 A. &. E. Ann. Cas. 355.

Action by T. O. Sweat against George W. Wolfe, administrator of the estate of J. L. Smith. From a judgment dismissing the action, plaintiff appeals.

*Mr. John A. Hiers,* for appellant, cites: 7 A. & E. Enc. of L. (1st ed.) 333; 18 Cyc. 878, 884; Code Civ. Proc., sec. 224.

*Mr. Legare Walker,* for respondent, cites: *As to cause of action against an administrator for a wrongful seizure:* 58 S. C. 289. *Stare decisis:* 62 S. C. 469. *Refusal of leave to amend:* 104 S. C. 491.

March 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff brought this action of claim and delivery against defendant, as administrator of the estate of J. L. Smith, deceased, to recover possession of some cattle which he alleges he bought of Smith in his lifetime, and $500 damages for the detention thereof. The Court below sustained a demurrer to the complaint and dismissed the action, refusing plaintiff's motion to be allowed to amend.

It is stated in the "case" that a motion was made by plaintiff's counsel to amend the complaint, but it does not appear what amendment was asked for. Appellant states in the argument that he asked to be allowed to amend by eliminating all claim for damages against the estate of Smith. While we may not consider a statement of fact found only in the argument of counsel in his favor, we may accept it against him. Assuming, then, that counsel asked to be allowed to amend as stated, there was no error in refusing his motion, for that would have left the action to proceed against the defendant in his representative capacity; and, if plaintiff had recovered, the judgment for

costs at least would have been entered against the estate. In *Elmore* v. *Elmore,* 58 S. C. 289, 36 S. E. 656, 51 L. R. A. 261, it was held that an executor or administrator cannot be sued in his representative capacity in claim and delivery for a chattel in his possession as property of the estate which he represents. If sued for such a chattel the action must be against him as an individual. If plaintiff had asked to be allowed to amend by making the action one against the defendant individually, the allowance of such an amendment would have been within the discretion of the Court, and it might have been granted; but, as we have seen, the amendment asked for was properly refused.

Judgment affirmed.